IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-64-D
No. 7:15-CV-274-D

| | | |
|---|---|---|
| DEVONE SHARNELL BEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On December 28, 2015, Devone Sharnell Best ("Best") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 130] and filed memoranda in support [D.E. 130-1, 131]. On July 18, 2016, the government moved to dismiss Best's section 2255 motion for failure to state a claim upon which relief can be granted [D.E. 136] and filed a memorandum in support [D.E. 137]. On August 8, 2016, Best replied [D.E. 140]. On August 19, 2016, the court stayed the action pending the Supreme Court's decision in Beckles v. United States. See [D.E. 142]. On May 8, 2017, the government moved to lift the stay and dismiss Best's motion [D.E. 144] and filed a supporting memorandum [D.E. 145]. On May 8, 2017, the court lifted the stay [D.E. 146] and thereafter received briefing on Beckles v. United States, 137 S. Ct. 886 (2017). See [D.E. 147, 148]. As explained below, the court grants the government's motion to dismiss and dismisses Best's motion.

I.

On August 30, 2013, pursuant to a written plea agreement, Best pleaded guilty to distribution of a quantity of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) [D.E.

78, 80, 94]. On May 28, 2014, the court sentenced Best [D.E. 108, 113, 118]. Best's advisory guideline range to be 151 to 188 months' imprisonment, and sentenced Best to 180 months' imprisonment. See [D.E. 118] 23–48. Best appealed. On April 20, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Best's conviction and sentence. See United States v. Best, 60 Fed. App'x 97, 98–99 (4th Cir. 2015) (per curiam) (unpublished).

In Best's section 2255 motion, Best makes six claims: (1) the government "overcharged" Best; (2) the government violated the Speedy Trial Act; (3) insufficient evidence supported Best's guilty plea; (4) the district court abused its discretion and clearly erred when it declined to allow Best to withdraw his guilty plea; (4) ineffective assistance of counsel and prosecutorial misconduct because neither his counsel nor the prosecutor advised Best that he could be a career offender; and, (5) Best is not a career offender. See [D.E. 130] 4–14. In his memorandum, Best also claims that he is not a career offender under Johnson v. United States, 135 S. Ct. 2551 (2013), and that his sentence violated Alleyne v. United States, 133 S. Ct. 2151 (2013). See [D.E. 130-1] 9–22. Best also claims ineffective assistance of counsel arising from a deficient investigation. See id. at 23–25. Best requests immediate release. See id. at 26. Best expounds on these contentions in his memorandum. See [D.E. 131]. The government moves to dismiss the motion for failure to state a claim upon which relief can be granted. See [D.E. 136, 137].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need

2

not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Best's claims that the government "overcharged" him, violated the Speedy Trial Act, and provided insufficient evidence to support his guilty plea, that he is not a career offender, and that Best's sentence violated Alleyne, Best failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Best from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Best has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, these claims all fail.

As for Best's claim concerning this court's refusal to permit him to withdraw his guilty plea,

3

Best raised that claim on direct appeal and lost. See Best, 600 F. App'x at 98–99. Best cannot use section 2255 to recharacterize and relitigate a claim he lost on direct appeal. See, e.g., Frady, 45 U.S. at 164–65; Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 296 & n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, this claim fails.

Alternatively, Best may not bring his claims challenging his career-offender status under section 2255. A petitioner generally may not use section 2255 to challenge the calculation of his advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Mikalajunas, 186 F.3d at 495–96. Thus, these claims fail.

Alternatively, Best's plea agreement contains an appellate waiver. See [D.E. 80] ¶ 2(c). In the waiver, Best agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Best's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Other than Best's ineffective-assistance of counsel and prosecutorial misconduct claims, Best's other claims fall within the appellate waiver.

4

Accordingly, the waiver bars these other claims.

Alternatively, Alleyne announced a purely procedural rule that does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); Butterworth v. United States, 775 F.3d 459, 465 & n.4 (1st Cir. 2015); Hughes v. United States, 770 F.3d 814, 818–19 (9th Cir. 2014); In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Furthermore, Alleyne does not affect a court's ability to apply the advisory guidelines, including making findings of fact that do not affect a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, 572 F. App'x 167, 179–80 & n.4 (4th Cir. 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). This court's findings of fact at sentencing did not violate Alleyne. Accordingly, Alleyne does not help Best.

Likewise, Best cannot use Johnson retroactively in this section 2255 action to challenge the Guidelines as vague or to challenge his career-offender status. See, e.g., Beckles, 137 S. Ct. at 895–97; United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Thus, Best's Johnson claim fails.

As for Best's ineffective assistance of counsel claims, "[t]he Sixth Amendment entitles

5

criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 141 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Best must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–95. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58 (1985); Lee v. United States, No. 16-327, 2017

6

WL 2694701, at *6 (U.S. June 23, 2017).

As for Best's claim that his trial counsel was ineffective by failing to tell him that he could be a career offender, Best swore during his Rule 11 proceeding that he understood the charge to which he was pleading guilty and the maximum penalty of 20 years' imprisonment for that charge. See Rule 11 Tr. [D.E. 94] 6–8. Best also swore that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See id. at 8. In the plea agreement, Best agreed:

> That the Court will take into account, but is not bound by the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

Plea. Ag. ¶ 3(c). Moreover, even though the parties agreed in the plea agreement to certain non-binding recommendations concerning certain guideline provisions, the plea agreement was silent concerning the career-offender guideline. See id. ¶ 5.

Best's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Best understood that, even if he received a statutory-maximum sentence of 240 months' imprisonment, Best agreed that he could not withdraw his guilty plea and would not be able to go to trial. As such, Best has not plausibly alleged "that, but for counsel's [alleged] unprofessional error [in not warning Best that he could be a career offender and thereby have a higher advisory guideline range], the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Lee, 2017 WL 2694701, at *6–10; Hill, 474 U.S. at 58, Fields v. Attorney Gen'l of Md., 956 F.2d 1290, 1297 (4th Cir. 1997).

7

Simply put, even if Best's counsel properly advised Best that he was a career offender and would have an advisory guideline range of 151 to 188 months' imprisonment, Best "would not have insisted on going to trial." Hill, 474 U.S. at 58, Strickland, 466 U.S. at 694; Rule 11 Tr. 7–11. Likewise, Best's sworn statements defeat any claim of prosecutorial misconduct arising from the prosecutor's alleged failure to tell Best that the court could find him to be a career offender at sentencing.

Alternatively, this court's alternative variant sentence defeats any claim of prejudice concerning Best's career-offender status. See Sentencing Tr. [D.E. 118] 48; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). Finally, Best's vague claim that his counsel should have conducted a more thorough investigation fails to state a claim. See, e.g., Dyess, 750 F.3d at 359–60; Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); Tucker v. Ozmint, 350 F.3d 433, 440–42 (4th Cir. 2003).

After reviewing the claims presented in Best's motion, the court finds that reasonable jurists would not find the court's treatment of Best's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 136], GRANTS Best's motion for appointment of counsel [D.E. 128], DISMISSES Best's section 2255 motion [D.E. 130], and DENIES a certificate of appealability.

SO ORDERED. This 27 day of June 2017.

J. Dever
JAMES C. DEVER III
Chief United States District Judge

8