IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-64-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DEVONE SHARNELL BEST, ) | |
| Defendant. ) | |

On November 22, 2021, Devone Sharrell Best ("Best" or "defendant") moved a second time for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 185]. On January 20, 2022, Best moved for leave file documents in support of his motion for compassionate release [D.E 194]. On January 28, 2022, Best's niece filed a letter in support of his latest compassionate release motion [D.E. 196]. On January 31, 2022, the government responded in opposition to Best's second compassionate release motion [D.E. 197]. On February 11, 2022, Best replied [D.E. 198].[1] On April 28, 2022, Best moved to expedite his compassionate release motion [D.E. 201]. As explained below, the court denies Best's second motion for compassionate release.

I.

On August 30, 2013, pursuant to a written plea agreement, Best pleaded guilty to distribution of a quantity of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(c). See [D.E. 78, 80, 94]. On May 28, 2014, the court held Best's sentencing hearing. See [D.E. 108, 113, 118]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report

---

[1] A duplicate of Best's reply is filed at [D.E. 199].

("PSR") and resolved the objections. See Sent. Tr. [D.E. 118] 23–28; PSR [D.E. 102]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court found Best's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months' imprisonment. The court sentenced Best to 180 months' imprisonment. See Sent. Tr. at 23–48. At the end of the sentencing hearing, the court noted that even if it miscalculated Best's advisory guideline range, it would have imposed the same sentence as an alternative variant sentence in light of the section 3553(a) factors, including Best's astonishing criminal history. See id. at 41–48. Best appealed. See [D.E.109]. On April 20, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Best's conviction and sentence. See United States v. Best, 60 F. App'x 97, 98–99 (4th Cir. 2015) (per curiam) (unpublished).

On December 28, 2015, Best moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 130]. On June 27. 2017, the court dismissed Best's section 2255 motion. See [D.E. 149]. Best appealed. See [D.E. 155]. On April 20, 2018, the Fourth Circuit dismissed the appeal. See [D.E. 158, 159, 164]. On January 28, 2020, Best moved to correct a clerical error in his PSR. See [D.E. 166]. On July 6, 2020, Best moved for compassionate release for the first time. See [D.E. 176]. On September 4, 2020, this court denied Best's first motion for compassionate release and his motion to correct a clerical error [D.E. 178]. On September 23, 2021, Best moved for a sentence reduction under section 404 of the First Step Act [D.E. 182]. Best also filed two "interest of justice" motions [D.E. 182, 183]. On November 22, 2021, Best moved a second time for compassionate release [D.E. 185]. On December 22, 2021, the court denied Best's section 404 and interest of justice motions [D.E. 193].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment

2

if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote

3

respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13 cmt. n.2.

Best claims to have applied to the warden over 30 days ago and not received a reply, see [D.E. 194-1], and the government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. Therefore, the court addresses Best's motion on the merits. See Muhammad, 16 F.4th at 130.

4

Best seeks compassionate release pursuant to section 3582(c)(1)(A) and cites changes to the applicability of career offender status since he was sentenced, his rehabilitation efforts, and his supportive family. See [D.E. 185] 2–6; [D.E. 198] 1–5; [D.E. 201]. In his request to the warden for compassionate release, Best also mentioned his hypertension and obesity. See [D.E. 194-1]. While Best's medical conditions do not qualify as extraordinary and compelling reasons under the medical condition of the defendant policy statement, the court nonetheless considers Best's medical conditions together with his other arguments under the "other reasons" policy statement. Additionally, while the court correctly determined that Best qualified for career offender status under the applicable advisory guidelines at sentencing, see United States v. Merchant, 731 F. App'x 204, 206–208 (4th Cir. 2018) (unpublished), the court assumes without deciding that Best would not be a career offender if sentenced today. Cf. United States v. Simmons, 917 F.3d 312, 316–22 (4th Cir. 2019); United States v. Mills, 917 F.3d 324, 328–30 (4th Cir. 2019). Thus, the court takes these changes in the advisory sentencing guidelines into account under the "other reasons" policy statement. Cf. United States v. Thomas, No. 21-7518, 2022 WL 1011933, at *1 (4th Cir. Apr. 5, 2022) (per curiam) (unpublished) (in considering a compassionate release motion the district court need not recalculate the advisory guideline range). The court assumes without deciding that Best's medical conditions, his rehabilitation, his supportive family, and non-retroactive changes in the advisory sentencing guidelines together are compelling reasons under section 3582(c)(1)(A).[2] However, the section 3553(a) factors counsel against reducing Best's sentence. See High, 997 F.3d

---

[2] In her letter in support of Best's compassionate release, Best's niece mentioned that Best's mother has dementia and that both she, as Best's mother's caretaker, and Best's mother would benefit from Best's release because he would be able to help with his mother's care. See [D.E. 196]. In his motion to expedite, however, Best says that his mother passed away in April 2022. See [D.E. 201].

5

at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Best is 49 years old and is incarcerated for distribution of a quantity of cocaine base (crack). See PSR ¶¶ 1–5. Specifically, Best engaged in serious criminal conduct involving the distribution of crack cocaine while armed with a stolen firearm. See Sent. Tr. at 24–29; Plea Agr. [D.E. 80] ¶ 5.a. Moreover, before Best's federal conviction, Best had an astonishing criminal history evincing violence and disrespect for the law including convictions for assault with a deadly weapon (four counts), discharging a weapon into an occupied property, worthless check (four counts), simple worthless check (nine counts), worthless check - closed account (two counts), restricting or obstructing a public officer, assault on a female (two counts), assault with a deadly weapon inflicting serious injury, communicating threats (three counts), resisting a public officer (eight counts), larceny (thirteen counts), forgery of an instrument (three counts), breaking or entering a motor vehicle (two counts), breaking and entering (five counts), larceny after breaking and entering (four counts), possession of drug paraphernalia (three counts), selling cocaine, delivering cocaine, assault inflicting serious injury, assaulting a government official or employee, possession of stolen goods or property, trespassing, uttering a forged instrument, attempted assault with a deadly weapon inflicting serious injury, possession of marijuana, communicating threats, and harassing phone call. See id. at ¶¶ 9–57. Not surprisingly, Best has performed terribly on supervision. See id. at ¶¶ 9, 27, 29, 55–56. Best also has little work history. See id. at ¶¶ 74–78.

Best has made some positive efforts while federally incarcerated. Cf. Pepper, 562 U.S. at 480. Best has taken educational and self-improvement courses including drug treatment. See [D.E. 185] 4, [D.E. 185-1]. He has completed his financial obligations to the court. See [D.E. 185] 4. Best also says that he has rebuilt his relationships with his family. See id. at 6. Furthermore, Best

has maintained employment while incarcerated, has positive reviews from supervisors on his work, and has a job offer upon release. See id. at 5–6; [D.E. 185-1] 6–7; [D.E. 198] 5. Best says that he has had one nonviolent infraction while federally incarcerated. See [D.E. 185] 4; [D.E. 185] 2.

The court must balance Best's largely positive efforts in federal custody with his serious criminal conduct, his astonishing criminal history, the need to punish him for his serious and prolonged criminal conduct and lifestyle, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, No. 20-1650, 2022 WL 2295029, at *12 (U.S. June 27, 2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Best's health conditions, the changes in the law, his release plan, and his supportive family. See [D.E. 185] 6; [D.E. 196]; [D.E. 198] 5. Having considered the entire record, the section 3553(a) factors, Best's arguments, the need to punish Best for his serious and prolonged criminal conduct and lifestyle, to incapacitate Best, to promote respect for the advisory guidelines, to deter others, and to protect society, the court denies Best's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court GRANTS defendants motion for leave to file [D.E. 194], DENIES as moot defendant's motion to expedite [D.E. 201], and DENIES defendant's motion for compassionate release [D.E. 185].

7

SO ORDERED. This 6 day of July, 2022.

                                              JAMES C. DEVER III
                                              United States District Judge